UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                            :
UNITED STATES OF AMERICA,                   :
                                            :           03 Cr. 1028 (GEL)
       -v.-                                 :
                                            :           **OPINION AND ORDER**
GEORGE BALIS,                               :
                          Defendant.        :
                                            :
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

  George Balis, a federal prisoner, asks that the Court support his request for a transfer within the federal prison system. For the reasons set forth below, his request raises more complicated issues of law than may at first appear.

## BACKGROUND

  On March 6, 2006, this Court sentenced defendant to a term of imprisonment of 24 months, to be followed by 3 years of supervised release. Defendant was assigned by the Bureau of Prisons ("BOP") to the lowest custody classification, and began serving his sentence at Federal Correction Institution Otisville ("Otisville") in Otisville, New York. (Letter from Kevin T. O'Brien, to the Court, dated November 13, 2007 ("Letter"), at 2.) Defendant's current projected release date is May 28, 2008. (Def. Ex. B.)

  According to defendant's counsel, on January 22, 2007, defendant was admitted to the hospital complaining of chest pain. Tests revealed that he had suffered a heart attack. As a result, defendant underwent emergency triple bypass surgery. Defendant was released from hospital care on February 12, 2007, and returned to Otisville later that day. However, because Otisville was not equipped to handle an inmate in defendant's physical condition, he was

transferred out of this jurisdiction to Federal Medical Center Devens ("Devens") in Ayer, Massachusetts, where he is currently incarcerated. (Letter at 2.)

After his transfer to Devens, on June 14, 2007, defendant requested placement in a Residential Reentry Center ("RRC") for the final six months of his sentence, beginning on November 28, 2007. (Def. Ex. A.) On July 27, 2007, Warden Carolyn A. Sabol denied the request and informed defendant that, pursuant to federal regulations, he may not receive a pre-release transfer to an RCC until March 27, 2008, approximately two months before his scheduled release date. (Def. Ex. B, citing 28 C.F.R. § 570.21, and 18 U.S.C. § 3624(c).) Warden Sabol also advised defendant that "any RCC placement beyond 180 days is highly unusual and is only possible with 'extraordinary justification,' in addition to the concurrence of the sentencing judge." (Id.) Accordingly, on November 13, 2007, defendant submitted a letter to the Court, petitioning the Court "to support his request for placement in a[n] RRC for the final six months of his sentence." (Letter at 1.)

## DISCUSSION

The Warden appears to misunderstand the law governing defendant's request. Under the law, and apparently under the BOP's own current regulations, defendant's request should be considered on its merits, and is not prohibited by any categorical rule.

Under 18 U.S.C. § 3624(c), "[t]he [BOP] shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last ten per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's reentry into the community," for example, through placement in an RRC. The statute thus requires the BOP, to the extent

2

practicable, to facilitate a prisoner's reintegration into the community by the placement that it makes during a specific period of his sentence: the last ten percent of the term, so long as that portion does not exceed six months. In defendant's case, since he was sentenced to only 24 months of imprisonment, this requirement does not apply until approximately the last two and a half months of his sentence.

However, the BOP has in the past erroneously interpreted this *requirement* that it favor community-based assignments in the last months of incarceration as *prohibiting* it from placing a prisoner in a community treatment center at an earlier time. See Levine v. Apker, 455 F.3d 71, 73 (2d Cir. 2006). Correctly interpreted, the governing laws require BOP to consider placement of a prisoner in a community corrections facility such as an RCC at any time in his sentence, according to the general factors governing prisoner placement set forth in 18 U.S.C. § 3621(b), and may not rely on a categorical exclusion of prisoners from eligibility for exclusion simply because they have not yet arrived at the last ten per cent, or the last six months, of their terms. Levine, 455 F.3d at 87. Accord, Wedelstedt v. Wiley, 477 F.3d 1160, 1169 (10th Cir. 2007); Fults v. Sanders, 442 F.3d 1088, 1092 (8th Cir. 2006); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 248-49 (3d Cir. 2005). To the extent that 28 C.F.R. § 570.21, the implementing regulation relied upon by the BOP in denying the instant request, reflects a contrary view of the statute, the Second Circuit has directed that it be disregarded. Levine, 455 F.3d at 87.

Although the First Circuit, within whose jurisdiction defendant is currently housed, has not addressed the issue, see Perez v. Winn, 465 F. Supp. 2d 87, 88 (D. Mass. 2006), the weight of authority in the District of Massachusetts, as Warden Sabol effectively acknowledged (Def. Ex. B), is in accord. Perez, 465 F. Supp. 2d at 88; Putnam v. Winn, 441 F. Supp. 2d 253 (D.

Mass. 2006); Muniz v. Winn, 06-40162-WGY, 2006 WL 3365662 (D. Mass. Nov. 21, 2006).

Nevertheless, this Court may not direct the BOP to reconsider defendant's request. In the first place, a letter to the sentencing court is not the proper vehicle for challenging a BOP decision with respect to the conditions of confinement. The proper vehicle for challenging the execution (as opposed to the imposition) of a sentence is a petition for habeas corpus pursuant to 28 U.S.C. § 2241. See Adams v. United States, 372 F.3d 132, 134-35 (2d Cir. 2004). Nor would there be any point in the Court's construing defendant's request as such a petition, since such a petition, unlike a petition under 28 U.S.C. § 2255 challenging the constitutionality of the sentence itself, is properly directed to a court in the district "where [the] prisoner is incarcerated." United States v. Mauro, 544 F.2d 588, 594 (2d Cir. 1976). The Court has no jurisdiction to direct the BOP to take any action with respect to an inmate located within the District of Massachusetts; defendant must petition a court within his district – after exhausting his administrative remedies, see Prison Litigation Reform Act of 1995, 110 Stat. 1321, 42 U.S.C. § 1997e, et seq. – to receive relief in this case.

Thus, although this Court is of the view that the BOP has broad discretion to consider defendant's petition on its merits, based on the full range of considerations set forth in 18 U.S.C. § 3621(b), and may designate him to an RCC in the New York area if such a placement is indeed, as defendant contends, the most appropriate place for him in light of his health, his religious needs, and the desirability of locating a prisoner close to his family, and that the Warden erred in concluding that his request could not be granted based on invalid BOP regulations, it has no authority to direct the BOP to reconsider his case.

4

As to the relief specifically requested in petitioner's letter, the Court notes that among the factors the BOP may appropriately consider under § 3621(b) is "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4)(B). Moreover, it appears that the Warden regards the "concurrence of the sentencing judge" as a factor relevant to the availability of some relief even under the BOP's regulation. (Def. Ex. B.) Without a much better understanding of the facts of defendant's medical condition and the available facilities of the BOP, this Court has no basis to recommend to the BOP how it should exercise its discretion. Indeed, it is the very premise of Levine, and of 18 U.S.C. § 3621(b), to give the BOP maximum scope to *exercise* its expertise and discretion on an individualized basis, to determine the best placement for each individual prisoner, without regard to misguided categorical rules, based on misinterpretations of congressional enactments, limiting that discretion. But without purporting to know what is the best placement for defendant, the Court can and does clarify, for the benefit of the BOP in exercising its discretion, that no purpose of the Court in imposing sentence on defendant will be frustrated by his placement in an RCC, and that the Court has no reason to oppose such a placement, if such a placement is determined by the BOP to be otherwise appropriate for him.

## CONCLUSION

Accordingly, defendant's request that the Court "support his request for placement in a[n] RCC for the final six months of his sentence" (Letter at 1) is granted to the extent, and only to the extent, set forth above.

SO ORDERED.

Dated: New York, New York
November 16, 2007

_____
GERARD E. LYNCH
United States District Court Judge